FILED

2007 Sep-28  AM 08:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| CLOVERDALE HEALTHCARE, INC. ) | |
| d/b/a CLOVERDALE MANOR NURSING ) | |
| HOME ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I

of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex,

and to provide appropriate relief to Regina Hudgins, an individual who was aggrieved by the

unlawful practices.  As alleged with greater particularity below, the Commission alleges that

Cloverdale Healthcare Inc., d/b/a Cloverdale Manor Nursing Home, Inc. ("Defendant" or

"Cloverdale") discriminated against Regina Hudgins by discharging her because she was

pregnant.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to §§ 703(a)(1), 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3.  The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, the Defendant Cloverdale Healthcare Inc, d/b/a Cloverdale Manor Nursing Home has continuously been a corporation doing business in the State of Alabama, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant Cloverdale has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Regina Hudgins ("Ms. Hudgins") filed a charge with the Commission alleging a violation of Title VII by the Defendant Employer. The Commission issued a decision on June 26, 2007 in which it found reasonable cause to believe that Ms. Hudgins had been discharged because of her pregnancy. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  The Defendant Employer engaged in unlawful employment practices at its work

2

site in Alabama in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). More specifically, on or about May 26, 2006, Cloverdale received notice that Ms. Hudgins was pregnant and that she would need to follow her existing break schedule while pregnant. Defendant terminated Ms. Hudgins' employment that day and maintained that decision despite receiving additional medical information regarding the pregnancy.

8. The effect of the practices complained of above have been to deprive Ms. Hudgins of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices were intentional.

10. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Hudgins.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Regina Hudgins by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Regina Hudgins by providing

compensation for past and future pecuniary losses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Regina Hudgins by providing compensation for non-pecuniary losses including, but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay punitive damages to Regina Hudgins in an amount to be determined at trial for its malicious or reckless indifference to the federally protected rights of Ms. Hudgins.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

C. Manuel Smith
C. EMANUEL SMITH (MS Bar No. 7473)

4

Regional Attorney

JULIE S. LEE (DC Bar No. 433292)
Supervisory Trial Attorney

J. MARK GRAHAM (LA06216)
SENIOR TRIAL ATTORNEY

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205-2886
Tel: (205) 212-2064